UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IKIGAI MARKETING WORKS LLC**, a Nevada limited liability company, <br><br> *Plaintiff*, <br><br> vs. <br><br> **LOUIS BROFSKY**, an individual, <br><br> *Defendant.* | Civil Action No.: 1:24-cv-07864 <br><br> **COMPLAINT FOR DECLARATORY RELIEF INJUNCTIVE RELIEF, AND MONETARY DAMAGES** |

Plaintiff IKIGAI MARKETING WORKS LLC ("Plaintiff" or "Ikigai"), by its undersigned attorneys, TALG, Ltd., by way of Complaint against Defendant Louis Brofsky ("Defendant" or "Brofsky"), alleges as follows upon knowledge of its own acts and on information and belief as to all others:

## NATURE OF ACTION

1. This is an action for breach of contract, breach of duty of good faith and fair dealing, negligent misrepresentation, deceptive trade practices, tortious interference with business relationships, declaratory judgment, and request for injunctive relief, all of which arise out of Defendant's willful breach of his written sales representative agreement with Ikigai.

2. Defendant's willful actions have not only constituted a breach of his contractual agreement with Ikigai, but his actions have also caused Ikigai losses of Five Hundred Twenty-Seven Thousand Five Hundred Twenty-Four Dollars ($527,524[1]).

3. Ikigai has attempted to terminate the agreement with Defendant multiple times, but Defendant has been unwilling to cooperate and demands to continue performance under the agreement for an additional six (6) months.

## PARTIES, JURISDICTION AND VENUE

4. Ikigai is a corporation incorporated in the State of Nevada with its principal executive office located at 930 Tahoe Blvd., Suite 802 PMB 752, Incline Village, NV, 89451.

5. Defendant is an individual residing in New Jersey with his residence at 2 Seneca Ct., Hackettstown, NJ 07540.

6. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because Ikigai and Defendant are citizens of different states and the amount of controversy, exclusive of interests and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(1)(3) because the Agreement at issue contains a forum selection clause that designates any court in the state of New York as the appropriate venue.

## GENERAL ALLEGATIONS

8. On or around February 1, 2022, Ikigai and Defendant entered into an Independent Sales Representative Agreement (the "Agreement") wherein Defendant was appointed to promote,

---

[1] At this time, the full extent of damages to Plaintiff remains unknown and Plaintiff reserves all rights to supplement as necessary.

distribute, and sell Ikigai's dog odor eliminating products ("Pooph" or "Product") to various Walmart, Inc. ("Walmart") stores in the United States.

9. Under the terms of the Agreement, Defendant was to solicit and take orders from Walmart at the prices specified by Ikigai, and all orders were subject to acceptance by Ikigai at its sole discretion. Defendant also agreed to not incur any liability for Ikigai.

10. Under the Agreement, Defendant was to be paid 3.5% of the "net cash collected" on all sales of the Products to Walmart (the "Commission"). "Net cash collected" is equal to the full amount of cash collected by Ikigai less all freight charges, returns, rebates, discounts, and any applicable sales and use or other taxes.

11. During the term of the Agreement, Defendant communicated to Ikigai that various high volume orders were confirmed by Walmart ("Walmart Orders"). Ikigai produced these Walmart Orders, relying on Defendant's communications, and Ikigai produced the Walmart Orders ready to be shipped, which were customized for Walmart and could not be resold to another retailer. When Ikigai attempted to deliver the Walmart Orders to Walmart, Walmart rejected them and stated that they never confirmed these orders. As a result, Ikigai suffered immense financial loss due to creating these high volume custom orders, which could not be resold to any other buyer.

12. The Agreement between Ikigai and Defendant contained a termination provision that required a six (6) month advance notice to terminate the Agreement by either party.

13. On or about September 12, 2024, Ikigai issued Defendant a termination letter which resulted in the immediate termination of the Agreement for cause ("Termination Letter"), disregarding the notice period due to the "for cause" nature of the termination. In the Termination Letter, Ikigai advised Defendant that he is no longer authorized to act on its behalf with respect to the Walmart accounts.

14. On or around October 1, 2024, Defendant sent a termination letter of his own, outlining reasons why the Agreement should remain in effect for an additional six months and demanding that Ikigai withdraw its notice to Walmart to allow him to continue placing orders with Walmart.

15. On or about October 3, 2024, Ikigai sent a reply letter to Defendant reiterating its basis for the demand to terminate the Agreement for cause and that Ikigai would not retract its notice to Walmart.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

16. Ikigai repeats and realleges the allegations set forth in paragraphs 1 through 12 of the Complaint as if the same were fully set forth herein.

17. Ikigai and Defendant entered into the Agreement whereby Defendant would promote, sell and distribute Ikigai's Pooph product to Walmart locations across the United States, in exchange for Defendant earning a commission off of each sale's net cash collected.

18. The Agreement is a valid and binding contract between Ikigai and Defendant.

19. Ikigai fulfilled and performed all terms and conditions required under the Agreement.

20. In the alternative, if Ikigai did not perform all terms and conditions required under the Agreement, its performance was excused by willful breach and misconduct of Defendant.

21. Defendant has breached its contractual obligations to Ikigai by falsely communicating confirmed orders placed by Walmart, when in reality, these Walmart Orders were not confirmed, and Defendant was aware that the Walmart Orders were not confirmed. When Ikigai produced the orders, Walmart rejected them, causing Ikigai immense financial loss due to the customized nature of the produced goods and the inability to resell them to a different retailer.

22. Defendant's breach of its obligations to Ikigai was material.

23. Defendant's breach was not excused by Ikigai.

24. As a direct and proximate result of Defendant's actions, Ikigai has been damaged in an amount no less than Five Hundred Twenty-Seven Thousand Five Hundred Twenty-Four Dollars ($527,524).

25. Also, as a further direct and proximate result of Defendant's actions, Ikigai has been required to retain services of an attorney to bring this action and has been damaged thereby; as such, Ikigai is entitled to an award of reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION
### (Deceptive Business Practices)

26. Ikigai repeats and realleges the allegations set forth in paragraphs 1 through 25 of the Complaint as if the same were fully set forth herein.

27. Defendant's responsibility under the Agreement with Ikigai was to sell Pooph products to Walmart locations across the country.

28. Defendant represented to Ikigai that Walmart had confirmed certain custom orders, knowing that Ikigai would rely on this representation to commence production.

29. In reliance on Defendant's representation, Ikigai produced and allocated substantial resources to complete the purported Walmart custom orders, incurring production, labor, and material costs that ultimately exceeded Five Hundred Twenty-Seven Thousand Five Hundred Twenty-Four Dollars ($527,524).

30. Defendant's representation regarding the Walmart Orders was false, and Defendant either knew or should have known that these orders were not confirmed by Walmart.

31. Defendant's actions constitute deceptive trade practices under New York General Business Law § 349(a), as Defendant knowingly misrepresented material facts regarding the confirmation of the orders, which caused Ikigai to suffer great financial loss.

32. As a direct and proximate result of Defendant's actions, Ikigai has been damaged in an amount no less than Five Hundred Twenty-Seven Thousand Five Hundred Twenty-Four Dollars ($527,524).

33. Also, as a further direct and proximate result of Defendant's actions, Ikigai has been required to retain services of an attorney to bring this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

34. Ikigai repeats and realleges the allegations set forth in paragraphs 1 through 33 of the Complaint as if the same were fully set forth herein.

35. In every contract, including the Agreement here, there is an implied covenant of good faith and fair dealing. Specifically, this covenant precludes either party to an agreement from depriving the other party of the rights, benefits, and protections of the agreement. This covenant requires honesty, fairness, and fidelity to the agreed-upon purpose of the contract.

36. Ikigai did all, or substantially all, of the significant things that the Agreement required it to do; alternatively, Ikigai was excused from doing those things.

37. Defendant, by its aforesaid actions, omissions, and conduct, has breached his duty of good faith and fair dealing owed to Ikigai. Specifically, Defendant breached his duty of good faith and fair dealing by misrepresenting unconfirmed orders from the Walmart buyer as "confirmed," and failed to fulfill his duty of good faith by misleading Ikigai.

38. In doing so, Defendant knowingly provided false information that led Ikigai to rely on these unconfirmed orders as legitimate. Based on Defendant's representations, Ikigai proceeded to make the custom orders, incurring costs and expenses, under the belief that these orders were confirmed by the Walmart buyer.

39. Ikigai's reliance on Defendant's statements about the order confirmations was reasonable, given that good faith would imply Defendant accurately relays order statuses.

40. When Ikigai attempted to deliver the prepared order to Walmart, the Walmart buyer rejected the order stating that they had never confirmed the order.

41. Ikigai suffered financial harm from the costs of making this custom order, because Ikigai was not able to sell the Walmart-specific custom order to Walmart nor any other retailer. Defendant's misrepresentations prevented Ikigai from enjoying the benefits of the Agreement – namely, the right to make and fulfill confirmed orders with the expectation of profit.

42. Defendant breached the implied covenant of good faith and fair dealing by depriving Ikigai of its right to be informed truthfully about confirmed orders. This breach goes beyond merely failing to perform under the Agreement; it actively undermines the trust and reliance Ikigai has in Defendant's representations, harming Ikigai's ability to make sound business decisions.

43. As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Ikigai is entitled to damages of no less than Five Hundred Twenty-Seven Thousand Five Hundred Twenty-Four Dollars ($527,524).

44. Also as a further direct and proximate result of Defendant's actions, Ikigai has been required to retain services of an attorney to bring this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation)

45. Ikigai repeats and realleges the allegations set forth in paragraphs 1 through 44 of the Complaint as if the same were fully set forth herein.

46. Defendant, by virtue of his role as a sales representative under his Agreement with Ikigai, had a duty to provide accurate information regarding confirmed sales orders.

47. Defendant negligently misrepresented the status of those certain Walmart Orders as confirmed, despite knowing or having reason to know that the orders had not been confirmed.

48. Ikigai reasonably relied on Defendant's representations to its detriment, investing significant resources in the production of custom goods for Walmart.

49. As a direct and proximate result of Defendant's negligent misrepresentations, Ikigai incurred substantial financial losses when Walmart rejected the unconfirmed orders, leaving Ikigai with a large custom order it could not resell to any other retailer.

50. Also as a further direct and proximate result of Defendant's actions, Ikigai has been required to retain services of an attorney to bring this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## FIFTH CAUSE OF ACTION

### (Tortious Interference with Business Relationships)

51. Ikigai repeats and realleges the allegations set forth in paragraphs 1 through 50 of the Complaint as if the same were fully set forth herein.

52. Ikigai has established legitimate business relationship with third-party clients, including Walmart, which benefit Ikigai.

53. Defendant's aforesaid actions, including misrepresenting order confirmations and refusing to accept termination of its Agreement, constitute intentional interference with Ikigai's business relationships.

54. Defendant's interference was improper and has caused significant damage to Ikigai's relationships with Walmart, among other third parties, and disrupted its business operations.

55. As a result of Defendant's actions, Ikigai has suffered harm, including financial losses, loss of business opportunities, and damage to its relationships with key clients.

56. Also as a further direct and proximate result of Defendant's actions, Ikigai has been required to retain services of an attorney to bring this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## SIXTH CAUSE OF ACTION
### (Request for Injunctive Relief)

57. Ikigai repeats and realleges the allegations set forth in paragraphs 1 through 56 of the Complaint as if the same were fully set forth herein.

58. Defendant has continued to attempt to communicate with Walmart regarding purported orders on behalf of Ikigai, potentially causing further damage to Ikigai's business relationship and reputation with Walmart.

59. Defendant has refused to cooperate with Ikigai's demand that the Agreement be terminated and has demanded that he be placed back on the Walmart accounts so that he can continue his role for another 6 months.

60. Ikigai has a legitimate business interest in protecting its relationships and ensuring that no further misrepresentations are made by Defendant regarding Walmart orders or any other matter related to Ikigai's business operations.

61. Without injunctive relief, Defendant's continued communications with Walmart could irreparably harm Ikigai by damaging its reputation and business prospects, which cannot be adequately compensated by monetary damages alone.

62. Plaintiffs request that the Court issue a preliminary and permanent injunction, enjoining Defendant and all agents acting on Defendant's behalf from 1) Communicating directly or indirectly with Walmart regarding any business matters or orders purportedly on behalf of Ikigai; and 2) making any further representations to Walmart concerning Ikigai or any orders involving Ikigai.

63. Issuance of an injunction is in the public interest and necessary to prevent further harm to Ikigai and to preserve the integrity of its contractual and business relationships.

64. Plaintiff respectfully requests that the Court grant the requested injunctive relief and any other relief the Court deems just and proper.

## SEVENTH CAUSE OF ACTION
### (Request for Declaratory Relief)

65. Ikigai repeats and realleges the allegations set forth in paragraphs 1 through 64 of the Complaint as if the same were fully set forth herein.

66. Ikigai seeks declaratory relief to resolve questions concerning the respective rights, obligations and duties of Ikigai and Defendant.

67. An actual case or justiciable controversy exists between Ikigai and Defendant concerning Ikigai's entitlement to termination of the Agreement and the Five Hundred Twenty-Seven Thousand Five Hundred Twenty-Four Dollars ($527,524) that was lost as a result of Defendant's actions.

68. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties in this matter and will provide certainty with respect to the parties' rights and obligations.

69. By reason of the forgoing, Ikigai is entitled to a declaration establishing the rights and obligations under the Agreement and determining the extent of Ikigai's reimbursement.

70. Accordingly, Ikigai requests a declaration from this Court that it is entitled to receive the full amount of Five Hundred Twenty-Seven Thousand Five Hundred Twenty-Four Dollars ($527,524) from Defendant and a declaration that the Agreement is terminated effective as of the date of the Termination Letter sent by Ikigai to Defendant.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request that this Court:

1. For compensatory, consequential, incidental, nominal and/or special damages in amount according to proof;

2. For pre- and post-judgment interest;

3. For attorneys' fees and costs of suit incurred herein; and

4. For all such other and further relief as the Court deems just and proper.

I. **PLAINTIFF'S CERTIFICATION AND WARNINGS**

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions

have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11. I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

DATED this 16th day of October, 2024.

                                                **TALG, Ltd.**
                                                **Attorney for Plaintiff**

                                                */s/ Ismail Amin, Esq.*
                                                Ismail Amin, Esq. (6008254)
                                                Jaklin Guyumjyan, Esq. (5940150)
                                                101 Avenue of the Americas, 9th Floor
                                                New York, New York 10013
                                                T:  929-777-3876
                                                iamin@talglaw.com
                                                jguyumjyan@talglaw.com