UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
IKIGAI MARKETING WORKS LLC,

                Plaintiff,

    -v-
                                                     24-CV-7864 (AS)

LOUIS BROFSKY,
                                                     ORDER

                Defendant.
-----------------------------------------------------------------------X

ARUN SUBRAMANIAN, United States District Judge:

      Ikigai Marketing Works LLC brings this action against Louis Brofsky, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332.

      It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51–52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51–52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).

      Accordingly, it is hereby ORDERED that, on or before March 26, 2025, Ikigai shall amend its complaint to allege the citizenship of each constituent person or entity comprising the LLC. If, by that date, Ikigai is unable to amend the complaint to truthfully allege complete diversity of citizenship, then the complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party. If Ikigai amends the complaint to allege complete diversity of citizenship, the Court will consider the merits of Brofsky's pending motion to dismiss as applied to that complaint. *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020) ("[W]hen a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint.").

      SO ORDERED.

Dated: March 20, 2025
       New York, New York
                                                            ARUN SUBRAMANIAN
                                                          United States District Judge