**TALG**

Irvine • Las Vegas • Dallas
Raleigh • Scottsdale • New York
www.TALGLAW.com

**Please Reply To:**

■ **CALIFORNIA** 2211 Michelson Drive, Suite 1170
Irvine, CA 92612
Tel: 949.502.7715
Fax: 949. 266.8406

■ **NEVADA** 5852 S. Durango Drive, Suite 105
Las Vegas, NV 89113
Tel: 702.954.3861
Fax: 949.266.8406

■ **TEXAS** 100 Crescent Court
Seventh Floor
Dallas, TX 75201
Tel: 214.459.8188
Fax: 214.459.8144

■ **NORTH CAROLINA** 4242 Six Forks Road, Suite 1550
Raleigh, NC 27609
Tel: 984.220.8254
Fax: 984.220.8301

■ **ARIZONA** 7150 East Camelback Road
Suite 444
Scottsdale, AZ 85251
Tel: 866.904.2627
Fax: 949.266.8406

☑ **NEW YORK** 101 Avenue of the Americas
9th Floor
New York, NY 10013
Tel: 929.777.3876
Fax: 949.266.8406

Based on the Court's assessment of the merits of the motion to dismiss, the motion to stay is DENIED. The parties indicated in their joint letter that "a preliminary exchange" of documents would "facilitate potential early resolution." Dkt. 11 at 3. If the parties would like the Court to refer them to mediation or to a magistrate judge for a settlement conference for assistance resolving this case, they should submit a joint letter to that effect. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 37.

SO ORDERED.

*[signature]*

Arun Subramanian, U.S.D.J.
Date: March 24, 2025

March 20, 2025

**VIA ECF**
Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re:**    *Ikigai Marketing Works, LLC v. Louis Brofsky; 24-cv-7864 (AS)* – **Joint Letter Motion to Seek Stay of Discovery Pending the Outcome of Motion to Dismiss**

Dear Judge Subramanian:

    This office serves as legal counsel for Plaintiff Ikigai Marketing Works LLC ("Ikigai") in the above referenced action. Plaintiff respectfully submits this joint letter-motion (the "Motion"), joined by Defendant Louis Brofsky's ("Defendant"), to request a stay of discovery pending the Court's decision on Defendant's Motion to Dismiss, filed on March 4, 2025 (ECF No. 30). Plaintiff filed its Opposition on March 18, 2025 (ECF No. 35), and Defendant's Reply is due on March 25, 2025.

    In determining whether to stay discovery during the pendency of a dispositive motion, "[c]ourts generally consider 'the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay.'" *Valentin v. Group Health Inc.*, 2021 U.S. Dist. Lexis 42772, at *2-3 (S.D.N.Y. Mar. 8, 2021) (citation omitted).

    A stay is warranted to promote both judicial economy and to spare the Parties from undue burden. On February 18, 2025, Defendant served his First Request for Production upon Plaintiff. On February 21, 2025, Plaintiff served its First Request for Production, Request for Admission, and Interrogatories upon Defendant. The Parties anticipate that responding to the current discovery demands will require

producing thousands of pages of documents. Given the nature of IMW's allegations, discovery will involve extensive document review, email and text searches, and several depositions. Accordingly, a stay of discovery would conserve resources and serve the interests of efficiency and judicial economy.

As to the strength of the pending motion forming the basis of the request for stay, that is a matter for the Court to consider. As to "the prejudice that would result to the party opposing the stay," this factor is absent, as both sides agree that a stay of discovery is warranted.

Given the pending the Motion to Dismiss, and the fact that the pleadings remain unsettled, the Parties believe it would be prudent to await the Court's ruling before proceeding with responding to the pending written discovery and engaging in depositions. The Parties have litigated actively and have already exchanged initial disclosures, with Plaintiff's initial disclosures produced on January 31, 2025, and Defendant's initial disclosures produced on February 18, 2025.

The Case Management Plan sets the discovery cutoff for May 27, 2025 (ECF No. 14). This is Plaintiff's first request for a stay of discovery, and Defendant joins this request. Additionally, the Parties have no currently scheduled appearances before the Court.

For these reasons, we respectfully request that the Court stay discovery until a decision is issued on Defendant's Motion to Dismiss.

The Parties also respectfully request a temporary stay of <u>all discovery deadlines</u> pending the Court's ruling on this Motion request for a stay of discovery.

The Parties appreciate the Court's consideration of this request and are available should the Court require any further information.

Respectfully Submitted,

Ismail Amin, Esq.
TALG, Ltd.